IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00360-BNB

FREDERICK O. SOLARIN, JR.,

Applicant,

v.

SARA M. REVELL, Complex Warden, Butner, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 24 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant Frederick O. Solarin, Jr., is a prisoner in the custody of the United States Bureau of Prisons at the Federal Medical Center in Butner, North Carolina. Although he has a federal conviction and is incarcerated in a federal prison, Mr. Solarin seeks to challenge in this action the validity of a State of Colorado criminal conviction and sentence in Arapahoe County District Court case number 01CR755.

Mr. Solarin initiated this action by submitting a letter and two motions that were filed on February 19, 2010. The first motion was a "Motion to Appoint Counsel/Motion to Proceed In Forma Pauperis Pursuant to 28 USC § 1915 for State Habeas Corpus 28 USC § 2254" (Docket #1). Mr. Solarin alleged in this motion that he has exhausted state remedies, he needs counsel to help him decide what issues are cognizable, he lacks access to Colorado law while incarcerated in a federal prison in another state, and the issues he seeks to raise are complex and intertwined with his federal appeal. The other motion Mr. Solarin filed on February 19, 2010, was a "Motion for 'Stay and

Abeyance' of State Habeas Corpus 28 USC § 2254 Action/Pending Resolution of 'Motion to Appoint Counsel'" (Docket #3).

In response to these two motions, Magistrate Judge Boyd N. Boland entered an order (Docket #2) filed on February 19, 2010, directing the clerk of the Court to commence a civil action and directing Mr. Solarin to cure certain deficiencies. One of the deficiencies Mr. Solarin was ordered to cure was his failure to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 11, 2010, Mr. Solarin filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket #6). However, Mr. Solarin did not assert any claims for relief in the habeas corpus application. Instead, he alleged that he was unable to put together a meaningful and viable application and he again asked that counsel be appointed to represent him in this action. After determining that the application was deficient, Magistrate Judge Boland entered an order (Docket #8) on March 16, 2010, directing Mr. Solarin to file an amended application in which he specifies the claims he is asserting in this action and in which he provides specific facts in support of each asserted claim. Magistrate Judge Boland also denied Mr. Solarin's requests for appointment of counsel as premature because, "[i]n most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969).

On April 12, 2010, Mr. Solarin filed an objection (Docket #9) to Magistrate Judge Boland's March 16 order. Mr. Solarin alleged in the objection that he does not have the

ability to present a viable habeas corpus application that will survive summary dismissal and he reiterated that the issues he seeks to raise are complex and, because he is incarcerated in a federal prison in North Carolina, he does not have access to relevant Colorado legal materials.

In an order (Docket #10) filed on April 14, 2010, the Court overruled Mr. Solarin's April 12 objection, finding that Magistrate Judge Boland's March 16 order was not clearly erroneous or contrary to law. The Court advised Mr. Solarin that the Court cannot determine whether appointment of counsel is appropriate until he specifies the claims he wishes to raise in this action. The Court noted that Mr. Solarin has demonstrated an ability to present clear and cogent arguments in support of his requests for appointment of counsel, which indicates he has sufficient ability to present his claims to the Court without appointment of counsel. The Court also noted that, because Mr. Solarin alleges he has exhausted state remedies, it was not clear what Colorado legal materials he needed in order to present his exhausted federal constitutional claims to this Court.

Mr. Solarin next filed a "Motion for Court to Order State of Colorado to Provide State Legal Material" (Docket #11) on May 7, 2010, in which he alleged, without any specific explanation, that he needs the following legal materials in order to present his claims to the Court:

    1). All Colorado Revised Statutes Annotated.

    2). Colorado rules of Civil and Criminal Procedure.

    3). Colorado Supreme Court Cases involving Youthful Offenders.

    4). Colorado Department of Corrections Code of Penal Discipline (To include all of its Contents).

    5). Inmate Number 110886 (Frederick O. Solarin) "Working File."

    6). Peace Officers code of regulations, or rules regarding community arrest procedures for violations, and work with local authorities.

(Docket #11 at 3.) On May 10, 2010, Magistrate Judge Boland denied Mr. Solarin's May 7 motion by minute order (Docket #12).

On May 17, 2010, Mr. Solarin filed an "Objection to Magistrate Judge's 'Minute Order'/Motion for Reconsideration of the Record" (Docket #13). Mr. Solarin specifically objected to Magistrate Judge Boland's May 10 minute order and, more generally, he asked the Court to reconsider all of the prior motions he has filed in this action because he "cannot be expected to file an application alleging constitutional violations without a sufficient legal library. In essence, all his application will be is an assortment of accusations that will not survive any dismissal standard." (Docket #13 at 2.) On May 19, 2010, the Court entered an order overruling Mr. Solarin's objection and denying his request to reconsider. The Court also directed Mr. Solarin in the May 19 order to file an amended application within thirty days if he wishes to pursue his claims in this action.

On June 11, 2010, Mr. Solarin filed a Motion for Recusal asking the Court to recuse in this matter. The Court will consider the Motion for Recusal pursuant to both 28 U.S.C. § 144 and 28 U.S.C. § 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any

adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Solarin alleges that the Court is biased against him because the Court has ruled against him on various motions in both the instant action and in connection with a prior motion pursuant to 28 U.S.C. § 2255 that Mr. Solarin filed in his criminal case.

However, the fact that the Court has denied various motions filed by Mr. Solarin is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Mr. Solarin's argument that disqualification is appropriate pursuant to § 455(b)(1) also is premised on the Court's prior rulings and, as a result, is not a sufficient basis for disqualification. Furthermore, to the extent Mr. Solarin attempts to link the Court's denial of his claims in his § 2255 motion to the instant action, the Court notes that Mr. Solarin fails to demonstrate the claims are linked because he has not filed a pleading in this action that raises any claims for relief. Therefore, the Motion for Recusal will be denied.

As noted above, Mr. Solarin's habeas corpus application does not specify the claims he is asserting in this action and he originally was directed to file an amended application in an order filed on March 16, 2010. Most recently, in the Court's May 19 order, Mr. Solarin was ordered to file an amended application within thirty days. Despite these orders, Mr. Solarin has failed within the time allowed to file an amended application for a writ of habeas corpus that specifies the claims he is asserting in this action. Therefore, the application will be denied and the action will be dismissed. Accordingly, it is

ORDERED that Applicant's Motion for Recusal (Document #15) filed on June 11, 2010, is denied. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice because Applicant failed within the time allowed to file an amended application as directed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __24th__ day of __June__, 2010.

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00360-BNB

Frederick O. Solarin, Jr.
Reg No. 33602-013
Federal Medical Center
P.O. Box 1600
Butner, NC 27509


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/24/10

                          GREGORY C. LANGHAM, CLERK

                          By: _____
                               Deputy Clerk